New-Haven,
November,
1818.

| 2 | 659 |
| 67 | 77 |
| f76 | 507 |
| 76 | 508 |

TRACY, administrator of *Margaret Backus, against* STRONG, administrator of *James Backus :*

### IN ERROR.

THIS was an action of debt, on a bond, executed by *James Backus*, on the 29th of *December* 1803, for 3000 dollars, payable to *Margaret Backus* ; to which bond there was the following condition, *viz.* " That whereas the said *James Backus* has agreed, in consideration of the said *Margaret's* quit-claiming to him all her right to the estate of the late *Elijah Backus*, Esq., to pay to her, annually, on the first day of *May*, during her natural life, the sum of 185 dollars, and to procure for her, at any time, within twenty days after demand shall be made by her, for that purpose, such other and additional security, either personal, or by mortgage of real estate, for the payment of the said annuity, as shall be deemed just and reasonable : Now, therefore, if the above bounden *James Backus* shall well and truly pay, or cause to be paid, to the said *Margaret Backus*, on the said first day of *May* annually, the said sum of 185 dollars, and procure, if requested thereto by her, the security above agreed on, then this obligation is to be void, otherwise to remain in full force."

The defendant pleaded, that said *Margaret* continued in life until some time in the *Autumn* of the year 1813, and then died at *Norwich ;* and that before her decease, the defendant's intestate had fully paid to her, on the first day of *May* in each year, the annuity then due, until the year 1812 ; which payments were acknowledged by her, and endorsed on the bond ; that in the course of the year 1812, he paid sundry sums, amounting to 160 dollars, on account of the payment, which became due on the first day of *May* in that year ; that on the 15th of *May* 1817, a further sum of 211 dollars, 7 cents, was applied towards the payment of the arrears then remaining due ; and that " on the 5th day of *January* 1818, before the commencement of the plaintiff's suit, the defendant offered and tendered to the plaintiff the further sum of 59 dollars, in full of the amount due to him, in his said capacity, on said bond, for the arrears of said annuity ; which sum, so tendered, was the full amount due

By the common law of this state, a tender after the day of payment, if properly pleaded and pursued up, is a defence to the action.

A tender of the sum justly due by the condition of a bond, after a breach, though less than the penalty, is sufficient.

Where a sum of money was secured by bond, to a widow, in consideration of her relinquishing her right of dower, payable on a certain day in each year, during her life ; it was held, that this was an annuity, not subject to apportionment.

*New-Haven,*
November,
1818.

Tracy
*v.*
Strong.

for the arrears of said annuity, on said bond, on said 5th day of *January* 1818, and the full amount due to the plaintiff on said bond."

The plaintiff, in his replication, traversed so much of the plea as relates to the tender ; on which issue was joined, to the court.

The court found the issue in favour of the defendant, and thereupon rendered judgment for him to recover his costs. The plaintiff then brought the present writ of error, alleging that the court ought to have rendered judgment for him, notwithstanding the facts found, on the ground that the plea was insufficient.

*Lanman* and *Brainard,* for the plaintiff in error, contended, 1. That after a breach of a penal bond, no tender short of the whole penalty, will constitute a bar to the action. By the breach, the whole penalty is *forfeited ;* and before the statute of 8 & 9 *W.* 3. *c.* 11. *s.* 8. in *England,* or the statute *tit.* 6. *c.* 1. *s.* 8.(*a*) in this state, the only relief for the obligor was to be sought in equity. Since those statutes, judgment is still entered up for the whole penalty, which is considered the debt in law ; but the court, by virtue of the equity powers given them, may, on motion, reduce the amount for which execution shall issue to the sum justly due, or order the surplus to be refunded. If the defendant wishes to avail himself of these provisions, he must make his application for that purpose, in the mode prescribed. *Marsen* v. *Touchet,* 2 *Black. Rep.* 706. *Ogilvie* v. *Foley,* 2 *Black. Rep.* 1111. *Wilde* v. *Clarkson,* 6 *Term Rep.* 304. *Judd* v. *Evans,* 6 *Term Rep.* 399.

2. That admitting a tender of the sum due by the condition to be sufficient, with respect to the *amount ;* yet the tender must be made *on the day,* on which the money was payable. At common law, a tender, or bringing money into court,

(*a*) That section provides, That " if there be any matter of apparent equity, as upon the forfeiture of a bond or obligation, or breach of covenant without damage, or the like, the judges shall determine such matter of equity. And if upon a bond with conditions, the breach of which may happen at several times, a suit be brought on the first breach of such condition, the court, upon the forfeiture of such bond, found on trial, demurrer, confession, or otherwise, shall, on motion made for that purpose, proceed to consider what is due in equity on such bond, at that time, and enter up judgment for the same, with costs, and award execution thereon."

*after* the day, will not avail as a bar, or to stay proceedings. *Bac. Abr. tit.* Tender. P. 4.

3. That the tender, in this case, was insufficient, because it was short of the sum justly due by the condition : it was only of the sum due on the first of *May* 1813, and interest, including nothing for the fraction of a year that the annuitant lived after that time. This annuity was secured to Mrs. *Backus* in lieu of her dower : it was a provision for a widow, during her life. Now, it is an established rule, that wherever an annuity is intended as a provision for a widow, a wife living separate from her husband, an orphan, or an infant, it is to be apportioned up to the happening of the event, on which the annuity is to cease. *Howell* v. *Hanforth*, 2 *Black. Rep.* 1016. *Hay* v. *Palmer*, 2 *P. Wms.* 501.

4. That, at any rate, the debt secured by this bond, is not, technically, an annuity ; and ought not to be subject to the rules of the *English* courts regarding annuities, which are founded in policy rather than in justice.

*T. S. Williams*, contra, was proceeding to shew, that in this state, a tender of the sum justly due by the condition of a bond, though not made until *after* the day of payment, was a bar to the action ; when he was stopped by the Court, who said, they had no doubt on that point.

He then contended, 1. That this was an *annuity*, within the meaning of that term in the *English* courts, both of law and equity. 2 *Black. Comm.* 40. *Price* v. *Williams*, *Cro. Eliz.* 380. *Pearly* v. *Smith*, 3 *Atk.* 261.

2. That where a sum of money is to become payable on a certain day, or on the happening of a certain event, nothing is due until that day arrives, or that event happens. This general principle, founded in justice, and conformable to the understanding of the parties, is strictly applicable to annuities, and has commonly been so applied. *Price* v. *Williams*, *Cro. Eliz.* 380. *Pearly* v. *Smith*, 3 *Atk.* 261. *Rashleigh* v. *Master*, 3 *Bro. Chan. Rep.* 99. 101. *Anderson* v. *Dwyer*, 1 *Scho. & Lef.* 301. 303. *Wood* v. *Partridge*, 11 *Mass. Rep.* 488. 493. The only exception is where the annuitant is a *feme covert*, or an infant, and the annuity is intended for the daily maintenance of the annuitant : in that case, courts of equity have allowed an apportionment. *Hay* v. *Palmer*, 2 *P. Wms.* 501. *Howell* v. *Hanforth*, 2 *Black. Rep.* 1016.

*New-Haven,*
November,
1818.

Tracy
*v.*
Strong.

*New-Haven,*
November,
1818.

Tracy
*v.*
Strong.

But this annuitant was entitled to no peculiar privilege. She was a feme sole, and stood upon the same footing with every other person *sui juris.*

SWIFT, Ch. J.   Originally, courts of law, on penal bonds, could render judgment only for the penalty ; for that was considered to be absolutely forfeited, by non-payment at the day.   But equity always relieved on payment of the sum actually due : and now, by statute, courts of law are vested with the same power, and may determine any matter of apparent equity, as upon the forfeiture of a bond, or obligation, or breach of covenant without damage, or the like.   Of course, a penal bond is on the same footing as a single bill or note ; the court can, in the same manner, render judgment for the sum really due ; and on the general issue, the jury are to find a verdict for the debt, and not for the penalty.

It has been insisted on, that this, by the statute, can be done only on motion to the court to chancer the bond ; and that the whole penalty is forfeited at law.   But this clause of the statute relates only to the case of bonds with conditions, where the breach may happen at several times, and the suit is brought for the first breach only, and where there may be a subsequent breach, for which the party has a claim. But this suit is brought for the last breach, and no further suit can ever be brought.

By the common law, the payment of a debt must be on the day it falls due ; and a tender cannot be made at a subsequent time.   But in this state, from time immemorial, the practice has been adopted, that wherever a certain sum of money or debt is due, the debtor can make a tender of it, though the day of payment has elapsed.   If the tender is made after suit brought, costs must be included to the time. This may be considered as a part of our common law ; and is too reasonable to be departed from.   In *England*, in lieu of this, they permit the party to bring the money, with the costs, into court ; and if he brings sufficient, the plaintiff proceeds at his peril ; if he does not recover more, he is liable to pay costs.

It appears, that the bond in suit was for the payment of a certain sum annually, on a given day.   It comes clearly within the definition of an annuity.   Where a certain sum is

*New-Haven,*
November,
1818.

Tracy
*v.*
Strong.

due on a future given day, no part is due till that day ; and it is fully settled by all the authorities, that there is no apportionment of an annuity.

**GOULD, J.** The objections to the judgment below are, first, that the tender pleaded was after the day, appointed for payment ; and secondly, that the sum tendered was too small. But tender after the day, if properly pleaded, and pursued up, by bringing the money into court, is a strict legal defence ; not subject, (like the proceedings under the *common rule* for bringing money into court,) to terms, or to any discretionary controul by the court. The time of the tender, therefore, taken by itself, can, by no possibility, furnish any ground of objection.

As to the amount tendered, the objection first taken, is, that, upon the non-payment of any one instalment, the obligee was entitled to judgment for the whole penalty—that the judgment might remain a security for all subsequent instalments : and that the tender ought, therefore, to have covered the whole penalty. But whatever might be the measure of the amount, for which judgment might have been given, under other circumstances ; the case, circumstanced as it is, is clearly not open to this objection : since the instalment, for which the action is brought, is the *last*, that ever accrued, or could accrue. For the annuitant died, before the arrival of any subsequent pay-day, and the tender was made after her death. It was a matter of certainty, therefore, not only when the judgment below was rendered, but at the time of the tender also, that no further instalment could, by possibility, accrue. And it would have been useless, and worse than useless, to enter judgment for a larger sum, than execution could issue for, when there remained nothing, to be covered by the excess.

Under these circumstances, the rule respecting the amount, to be recovered, for the instalment in question, must be the same, as if the bond had been conditioned for the payment of a *single* liquidated sum, instead of several successive instalments. But in that case, nothing is better settled, in our law, than that the obligee can recover only so much, as appears, from the terms of the *condition*, to be due. Indeed, under the statute of this state, (*tit.* 6. *c.* 1. *s.* 8.) upon which the question finally depends, I am not aware of any case, in

which the obligee in a penal bond, is entitled to the whole penalty, *as such.* It is true, that where a gross sum, in the form of a penalty, is really, in the nature of assessed damages, he may recover the whole ; but in such a case, it is not regarded, as a penalty. And for this very reason it is, that the whole sum is recoverable. For a bond in a penal sum, to secure the payment of a less sum, named in the condition, is, under our statute, precisely the same thing, in effect, as a single bill, or covenant, for the payment of the less sum.

According to this rule, the plaintiff was entitled, at the time of the tender, to no more than was then due, according to the *condition* of the bond. And what was then due, may be ascertained, by determining what was due, at the annuitant's death. Now it is an undisputed general rule of law, that when a given sum is to accrue, as a debt, on a given day, no part of it is due, till the day arrives. The *whole* sum accrues, on that day ; and there can be no apportionment of it. This is one of the most familiar rules, in the law of rents, and annuities : and if it is applicable to this case, there was due to the plaintiff, no more than the sum tendered.

But it is contended, that this case is within an exception to the general rule ; and that the plaintiff was entitled, in addition to the instalment, which became due, on the first of *May,* 1813, to a fractional part of another instalment, proportioned to the time, which intervened, between that day, and the death of the annuitant. The exception, upon which this claim is founded, was introduced by courts of equity, and obtains only, where an annuity is payable, by way of *maintenance,* to an infant or *feme covert*—who, by reason of their legal disabilities, might be unable to procure credit for necessaries, if payment for them depended upon their living till the annuity should, by the common rule, become payable. This case, therefore, does not fall within the exception. The annuitant was not a *feme covert,* when the bond was given, and maintenance was out of the question. The nature of the transaction is disclosed in the condition. Having an estate in dower, she disposed of it, in consideration of the annuity ; which is, therefore, neither more, nor less, than the purchase-money for an estate sold.

The other Judges were of the same opinion.

Judgment affirmed.