## Blight, Executor, &c., *versus* Blight, Executor, &c.

1. The general rule is that apportionment is not to be made of rents, dividends, annuities or other periodical payments, becoming due at fixed intervals, but only of sums accruing *de die in diem.*
2. Dower, and sums for the maintenance of a wife or child, are exceptions. An annuity in lieu of dower will last as long as dower would have lasted.

Error to the District Court of *Philadelphia*. In that court it was an amicable action between George Blight, executor, &c., of Maria Blight, deceased, plaintiff, and James H. Blight, executor and trustee, &c., of George Blight, deceased, in which the following case was stated:—

[Blight *v.* Blight.]

George Blight, the elder, by will, dated 31st day of August 1834, duly probated, and considered as part of this case, *inter alia*, bequeathed as follows :—

" I give and bequeath to her, the said Maria Blight (the plaintiff's testatrix), the annuity or yearly sum of $6000, to be paid to her in even and equal quarterly payments, for and during all the term of her natural life.

" These bequests to my said dear wife are to be taken and considered to be in lieu and full satisfaction of all dower in my estate."

The said George Blight died on the 1st day of September 1834, and the defendant is the surviving executor of his will. He entered on the performance of the trust, and paid to the said Maria Blight during her life, her said annuity as it fell due on the first days of December, March, June and September, in quarterly payments, as aforesaid. The last payment was made on 1st of December 1864. The said Maria Blight died on the 11th day of January 1865.

If the court be of opinion on the above facts that the law is with the plaintiff, and that the said annuity is apportionable, then judgment to be entered for plaintiff for $638.33 with costs ; but if they are of opinion that the said annuity is not apportionable, and that the law is with the defendant, then judgment to be entered for defendant, with costs. Either party to take a writ of error.

1865, July 15.—Judgment for plaintiff, no opinion being given.

*Ed. Waln*, for plaintiff in error.—The case stated exhibits a clear case of annuity, carefully specifying all the requisites of a technical legal annuity.

It is bequeathed as " an annuity ;" it is " to be paid *to her*," not to her executor, " in *even* and *equal quarterly* payments" during her life. It does not accrue *de die in diem ;* and it falls expressly within the law relating to annuities.

Mr. Swanston, in his note to Ex parte Smith, 1 Swanst. 348, states the principle : " The rule of law which refuses apportionment of rent in respect of time, is applicable to all periodical payments becoming due at fixed intervals, not to sums accruing *de die in diem :*" Pearly *v.* Smith, 3 Atk. 261 ; Howell *v.* Hanforth, 2 W. Black. 1016 ; Rashleigh *v.* Master, 3 Brown's Ch. Cases 101 ; Wilson *v.* Hermon, 2 Ves. 672 ; Sherrard *v.* Sherrard, 3 Atk. 502 ; McKeen's Appeal, 6 Wright 485 (42 Penna. St. Rep.) ; 1 Story's Eq. Jur., § 480 and notes, where all the authorities are collected.

The exceptions to the rule refusing apportionment are annui-

[Blight *v.* Blight.]

ties. for maintenance of infants: Hay *v.* Palmer, 2 P. Wms. 501; Sheppard *v.* Wilson, 4 Hare 395; Rhenish *v.* Martin, quoted in note to 1 Story's Eq. § 480.

And of married women living separate from their husbands: Howell *v.* Hanforth, 2 W. Black. 1016; 1 Sch. & Lefroy 303; from the necessity of the case, as per Grey, C. J.

" And though rents and common annuities are not apportionable either by law or equity, yet in equity the maintenance of infants is always apportioned up to the day of their death, because it would be difficult for them to find credit for necessaries, if the payment depended on their living to the end of the quarter. This case (Howell *v.* Hanforth) depends on similar principles, the annuity being for a separate maintenance to a *feme covert*."

Per Mr. Justice Strong, in McKeen's Appeal, 41 Penna. R. 485: " The rule is unbroken, that dividends (annuities) are not subject to apportionment. They do not accrue from day to day, and it cannot be determined in what part of the year they have been earned."

" Still the thing which he (the testator) called a dividend *was a periodical payment,* becoming due at fixed times, and *not due at all* until declared."

See case stated, " paid as it fell due quarterly."

Annuity payable on *a day certain,* and the annuitant die before that day, the annuity is lost: Cro. Eliz. 565; Wiggin *v* Sweet, 6 Met. 194.

An annuity by will, payable quarterly, the first payment is to be made three months after testator's death, and is not apportionable : Hill on Trustees 585, in notes; Tracy *v.* Strong, 2 Conn. 659; Franks *v.* Noble, 12 Ves. 484; Rop. on Leg. 878, 2 Am. ed.; Manning *v.* Randolph, 1 South. 144; Clapp *v.* Astor, 2 Edwards 383.

" When a certain sum is *due* on *a given future day,* no part is due till that day; and it is fully settled by all the authorities that there is no apportionment of an annuity :" Tracy *v.* Strong, *supra,* per Swift, C. J.

Dividends of stock not apportionable, although if the money had been invested in land, it might have been: Rashleigh *v.* Master, 3 Bro. Ch. Ca. 99. There are one or two cases, in Pennsylvania, apportioning annuities which, though in the current of authority, neither obstruct its uniformity or deflect its course.

Sweigart *v.* Frey, 8 S. & R. 299. This case is relied on by the District Court, in Fisher *v.* Fisher, cited below, to authorize its decision. But an examination of the case will show that it was not a case of an annuity, but that the decision was based on its peculiar

[Blight v. Blight.]

facts. Per Tilghman, C. J., page 305: The consideration of "the bond (the interest on which was claimed to be apportionable) was a tract of land purchased by defendant, which had been devised to the widow for life, and, after her death, the land to be sold, and the proceeds of the sale divided. The widow and children came to an agreement to sell the land in her lifetime; and, in consideration of her joining in a deed to the defendant, she was to receive *the interest* of £1000 during her life, The objection is that the interest is payable *yearly*, but I apprehend that, in equity, in a *contract* like this, the *interest accrues from day to day*. Considering the *circumstances* and *family agreement* in in this case, to which *the defendant was a party*, it was a provision for the widow, for which she paid a valuable consideration." She conveyed (the land) to the defendant, and he enjoyed an estate in the land during her life, for which he agreed to pay the interest of £1000.

The next case is Gheen v. Osborn, 17 S. & R. 171: "The bequest was to my wife, the sum of $100, to be paid to her out of my estate, yearly, and every year during her life, in lieu of dower, and charged this annual sum on the plantation devised to his son, who was also his executor."

The whole reasoning of the opinion is predicated of the full identity between an annuity charged on land and dower.

Page 173: "In case of intestacy, &c., the widow's share is left in the lands and charged on them by law, and the interest to be paid annually," "and is always payable up to the death of the widow;" and Huston, J., says it is settled by Sweigart v. Frey, *supra*.

The next case is in the District Court, and ruled the case stated. It is reported in Am. Law Jour. Vol. IV., N. S., p. 539, as Fisher v. Fisher. Being their own decision, the court adhered to it "until the Supreme Court reversed it."

The annuity was to be paid in "equal quarterly payments, in each and every year, during her life, and to be paid out of the income of my real estate," and if the real estate should be insufficient, then that a sufficient part of his personal estate should be invested *in securities* to make up any deficiency, so as to be paid without any abatement or deduction.

After quoting Sweigart v. Frey and Gheen v. Osborn, the learned judge says, "*after these cases*, the question can scarcely be considered an open one."

*John G. Johnson*, for defendant in error.—Is an annuity, payable quarterly, given by a testator to his widow, in lieu of dower, apportionable, if she dies before the quarter-day?

Whilst the general principle in favour of a non-apportionment

is beyond dispute, and needs no citations to sustain it, the above question has, by a host of decisions, been affirmatively decided. In favour of the presumed intention of the donor, courts of equity have established an exception in the case of gifts for *maintenance* of a wife, widow or child, now as strongly rooted as the rule itself. Hay *v.* Palmer, 2 P. Wms. 501; Howell *v.* Hanforth, 2 W. Black. 1016; Webb *v.* Lord Shaftesbury, 11 Ves. 361; Regina *v.* Comms., 16 Ad. & El. N. S. 357; Williams on Executors 747; Hill on Trustees 385.

The cases so copiously cited by plaintiff in error, from the text-books—even Tracy *v.* Story, which at first seems otherwise—are all outside the favoured class, and do not therefore assist him.

The greatest length to which the qualification in favour of *maintenance* has been extended is in Attorney-General *v.* Smithies, 16 Beav. 385, which decides that the income of a fund, having for its object the support, relief and maintenance of a master and five poor persons (strangers to the donor), is apportionable as between the executors of a deceased master and his successor.

McKeen's Appeal, 6 Wright 484, recognises the exception in these words: "There are a few cases to be found in which apportionment of an annuity, given for the *maintenance* of a widow, or for the separate maintenance of a wife, has been decreed. I know of none in which it has been decreed *against* such person."

In Fisher *v.* Fisher, 4 Am. Law Jour., N. S. 539, a testator bequeathed to his widow an annuity, "to be paid to her in equal quarterly payments, in each and every year during her natural life." Apportionment was decreed in favour of her representatives.

So in Smith *v.* Wistar, 20 Leg Int. 68, where there was a devise of certain ground-rents, payable half yearly to testator's wife for life.

In Sweigart *v.* Frey, 8 S. & R. 299, Tilghman, C. J., after alluding to other qualifications of the strict common law, says: "I apprehend the rule is the same where provision is made for a widow."

Gheen *v.* Osborn, 17 S. & R. 171, is identical with the present case. The bequest was in these words: "I do further bequeath to my said wife the sum of $100, to be paid to her out of my estate yearly, and every year during her natural life," * * * " all which devises and bequests are given to my said wife in lieu of her dower." Testator died 16th May 1814; his wife died 22d March 1824, and her executor recovered the proportion from 16th May to 22d March.

Says Huston, J., "Dower lasts during the life of the widow, and it would be strange if what is granted in place of it would not last as long. No testator ever desired *the last hours of his*

[Blight *v.* Blight.]

*widow should be dependent on charity.* It is in lieu of dower, and should last as long."

The opinion of the court was delivered, January 20th 1866, by
WOODWARD, C. J.—The annuity in this case was to a surviving widow, " in lieu and full satisfaction of all dower," and was payable quarterly. She died in the midst of a quarter, and the question is, whether the annuity is apportionable.

The authorities so fully cited by the learned counsel of the plaintiff in error, prove the general rule of law to be that apportionment is not to be made of rents, dividends, annuities and other periodical payments becoming due at fixed intervals, but only of sums accruing *de die in diem.* But the same authorities establish an exception to the general rule in favour of dower and sums for the maintenance of a wife or child : Hill on Trustees 385 ; Gheen *v.* Osborne, 17 S. & R. 171. And this case falls within the exception and not the rule. The annuity was in lieu of dower, and lasted as long as dower would have lasted, and dower runs to the last day of life. It is of no consequence that the widow was rich and could live without the annuity. Neither the rule nor its exception can be administered with a view to such circumstances. She was as well entitled to receive the equivalent for dower to the day of her death as if she had been dependent on it for her daily bread.

The judgment is affirmed.