MARY L. SIMMONS *vs.* CHARLES H. HUBBARD AND OTHERS, EXECUTORS AND TRUSTEES.

A testator, leaving a large estate and no children, gave to a sister all the income of the property during her life, and after her death an annuity of $1,400 a year with the use of his dwelling house to a niece, and after some further small bequests the residue of his estate for the establishment of a school. By a codicil made later on the same day that the will was made, he gave to *S* for her life $350 a year. Held, that this annuity began to run from the death of the testator, and not from the death of the sister to whom he had given the whole income for life.

Held also, that the deferred payments would draw interest.

And held that, in a suit brought by *S* against the trustees, in which the plaintiff asked for a judgment giving a construction to the will, and for a recovery of the amount due to her under it, the expenses of the litigation were not to be taken out of the estate, but only ordinary costs taxed.

CIVIL ACTION against the executors of and trustees under the will of Isaiah Pratt, to recover the amount of an annuity given the plaintiff, and praying for a construction of the will and an allowance of all the costs of the litigation out of the estate; brought to the Superior Court in Middlesex County. Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*L. E. Stanton*, for the plaintiff.

*J. Phelps*, for the defendants.

PARDEE, J.   Isaiah Pratt of Essex died in 1879, aged sixty-five, childless and unmarried, disposing of an estate amounting to about $93,000 by a will dated in 1875.   Of the legatees named therein Mary Pratt is his sister, a widow and about seventy-eight years of age ; Mary L. Simmons and Mary Simmons were friends.

By the second and third clauses of the will the testator bequeathed his entire estate to trustees, who are directed to pay the income therefrom to his sister Mary Pratt, semi-annually during her life ; by the fourth and fifth, after her death to pay an annuity of fourteen hundred dollars to his niece Mary P. Nott, with the use of his dwelling house while she remains unmarried; by the sixth to expend five hundred dollars in fencing a burial lot and thirty-five dollars annually upon the lot and fence; by the seventh to insure and repair the dwelling house; by the eighth to expend three hundred dollars annually for instruction in singing ; by the ninth to expend annually the remainder of the income for the support of a school.   By a codicil executed upon the same day he directs the payment of three hundred and fifty dollars annually to the plaintiff, Mary L. Simmons, during life.

She asks the court to compel the trustees to pay the annuity from the death of the testator; and the case is reserved for the advice of this court.

The defendants insist that the will and codicil are to be construed as one instrument ; that if possible all provisions shall be operative ; that a clearly expressed intention is not to yield to an ambiguous one; that the next of kin are not to be disinherited without an express devise or necessary implication; that when the general intent is clear and it is impracticable to give effect to all of the language of the will expressive of some special intent, the latter must yield to the former ; that when the intention of the testator is

ascertained with reasonable certainty, it shall absolutely govern; and that the bequest to the plaintiff, read in the light of these rules, is not to take effect until the death of Mary Pratt.

The bequest is of an annuity; of a payment for every year of the annuitant's life, reckoning from the day of the creation of the annuity, there being no postponing clause. The will speaks from the death of the testator; that event brings the annuity into existence. It is expressed to be for the life, and therefore for every year of the life, of the donee. It is conceded by the defendants that the annuity will be payable after the death of Mary Pratt. But in the will proper the income from the entire estate is after that event appropriated to other uses; and this supposes the preservation of the capital intact; therefore the bequest of the annuity by the codicil is in direct conflict with that for the school. Both cannot stand; whatever shall be paid to the annuitant must be taken from a fund previously devoted to some other use; it is to be taken either from Mary Pratt, or from the school, or from both. The rules of construction brought to our notice are as appropriately and as completely the defence of the school against the annuitant as they are of Mary Pratt; and yet it is admitted that they are no defence at all for the school.

It is quite certain that, immediately upon the execution of the will, it came to the mind of the testator that he had disposed of his whole estate in forgetfulness of two friends; of two women; one of whom he had habitually spoken of as his niece and whom he had from time to time pecuniarily assisted, and for both of whom he desired to make provision after his death; that he determined so to modify the will at once as to make it express his intention in their behalf; that he adopted the easy method of the codicil; that he did not intend to write anything which could stand in the presence of his gift to Mary Pratt and of that to the school; that he did intend to write something directly in conflict with one or both—to diminish one or both in behalf of the annuitant; in short, that he intended

to put the codicil to its appropriate use, namely, to change some provision in the will. The bequest to the annuitant stands neither upon inference nor construction; it is framed of words as positive and unambiguous as is that to Mary Pratt; and it is no more certain that the testator intended to give to the latter merely the entire income than it is that he intended to make a small gift to the former; in this respect neither bequest takes precedence of the other.

There is no disinheritance of the heir in behalf of strangers in a sense and to a degree offensive to the law, for the estate exceeds $90,000; the testator is childless; the annual income of a sister is in a small measure reduced in behalf of a friend. We are forced, therefore, to give the annuity place in the testator's plan for the distribution of his estate; to diminish either the absolute gift to Mary Pratt, or the absolute gift to the school, or both. The testator has suggested no distinction; on the contrary, he has used clear words, the legal effect of which is to diminish both; and it is to be noticed that he well knew how to protect the bequest to his sister from the effect of any other which he might make, when such was his desire; for he was careful to provide explicitly that the annuity to Mary P. Nott should not take effect until after the death of his sister. In expounding a will the meaning of plain words is the testator's intention; and that intention must be the law of the case.

There is no propriety in allowing the expenses of the litigation to be taken out of the estate.

The Superior Court is advised that the annuity became payable to the plaintiff during each year of her life subsequent to the death of the testator; that deferred payments draw interest; and that costs are to be taxed only as in an ordinary action at law.

In this opinion the other judges concurred.
VOL. L.—37