GRACE A. MOWER, ADMINISTRATRIX, *vs.* CHARLES H. SANFORD, ADMINISTRATOR.

Third Judicial District, New Haven, January Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

An agreement to pay a fixed sum " annually " from and after a certain event, does not require payment to be made in advance or at the commencement of each year. In the absence of any other provisions respecting the time of payment, it is sufficient if the annuity is paid at the end of each year.

In this State an annuity in lieu of dower, created by antenuptial contract and payable during widowhood, is not apportionable in respect to time.

Argued January 20th—decided March 3d, 1904.

ACTION to recover a portion of an annuity given to the annuitant during her lifetime, brought to and tried by the Superior Court in Fairfield County, *Thayer, J.*, upon demurrer to the complaint; demurrer sustained and judgment for defendant, from which plaintiff appealed. *No error.*

*Charles K. Bush,* for the appellant (plaintiff).

*William B. Boardman* and *Sanford Stoddard,* for the appellee (defendant).

HALL, J. The complaint in this action alleges these facts: On the 11th of November, 1869, the following agree-

ment under seal was entered into, in this State, between Glover Sanford, party of the first part, and Sarah M. Smith, party of the second part: " . . . Whereas the said parties contemplate marriage, now prior thereto and in consideration thereof, said party of the first part hath given and doth hereby give to said party of the second part the sum and estate of one thousand dollars, lawful money of the United States, annually, so long as she shall remain his widow by way of jointure as a provision for her support during life, the same to take effect from and after the death of her said husband, the said party of the first part, and to be in bar, and in full satisfaction and discharge of all the claim of said party of the second part for dower in the estate of her said husband. And said party of the second part hereby accepts and receives said sum and estate of one thousand dollars, lawful money of the United States, annually, so long as she shall remain the widow of said party of the first part, the same to take effect from and after the death of my said husband, by way of jointure as a provision for the support of me, the said party of the second part during life, and the same to be in bar, and in full satisfaction and discharge of all my claim to dower in the estate of my said husband, pursuant to the provisions of the statute in such case made and provided."

Said persons afterwards married, and both died intestate ; Glover Sanford on the 31st of May, 1878, and his widow, Sarah M. Sanford, on the 30th of January, 1903. The plaintiff is the administratrix of the estate of the widow, and the defendant is administrator of the estate of Glover Sanford.

After the death of Glover Sanford the defendant paid to his widow, under said agreement, $1,000, in instalments of varying amounts, between October, 1878, and June 2d, 1879 ; and on or about the 2d of June of each year thereafter paid her the sum of $1,000, making the last payment on the 2d of June, 1902. He has refused to make any payment to the plaintiff, under said contract, since the death of Sarah M. Sanford.

Upon her appeal from the judgment of the trial court sustaining the defendant's demurrer to the complaint, the plaintiff makes two claims : first, that by the terms of the contract, upon the death of Glover Sanford, May 31st, 1878, the annuity for the first year became payable to the widow immediately, and for each succeeding year became payable in advance; and that the plaintiff, as her administratrix, is therefore entitled to recover the full amount of the unpaid annuity for the last year, commencing May 31st, 1902 ; second, that if the annuity did not become payable until the end of each succeeding year, after the death of Glover Sanford, the plaintiff is entitled to recover a proportionate part of the annuity for the last year, for the period between the date of the last payment, June 2d, 1902, and the date of the death of the widow, January 30th, 1903.

An " annuity " signifies a sum payable annually, unless the language of the instrument creating it may properly be construed as providing a different time of payment. By the agreement before us the annuitant is expressly given, and expressly contracts to receive, the sum of $1,000 " annually," so long as she shall remain the widow of the grantor. The word " annually " as thus used, not only denotes the amount to be paid, but the time of payment. *Kearney* v. *Cruikshank,* 117 N. Y. 95, 99. It means not only that the annuitant is to receive the sum of $1,000 for each year, but that that sum is to be paid to her each year. An agreement to pay a fixed sum annually, or each year, in the absence of language modifying the ordinary meaning of these terms, cannot fairly be construed as a promise to pay such sum annually in advance, or at the commencement of each year. A contract for the payment of money in fixed instalments, containing no other provision for the time of payment of such instalments than that they are to be paid annually, is lawfully performed by the payment of a single instalment at the end of each year. The words of the agreement, "the same to take effect from and after the death of her said husband," do not describe the time of the payment, but the event which brings the annuity into exist-

ence, the time from which it begins to run. *Simmons* v. *Hubbard*, 50 Conn. 574, 576. "If an annuity is given by will, it will commence immediately after the testator's death, and the first payment shall be made at the expiration of a year from that event." 1 Swift's Dig. s. p. 455. In *Bartlett* v. *Slater*, 53 Conn. 102, 107, an annuity is defined as "a yearly payment of a certain sum of money . . . ," and it is said in that case, citing 3 Redfield on Wills, 186 : "In case of an annuity bequeathed, it begins from the death of the testator, and the first payment becomes due in one year thereafter . . . ;" and again, citing *Gibson* v. *Bott*, 7 Ves. Jr. 96 : "If an annuity is given, the first payment is payable at the end of the year from the death. . . ." The claim that the annuity was payable in advance cannot be upheld.

As the annuitant died before the end of the year following the last payment, made in June, 1902, may her administratrix recover a part of the sum of $1,000, proportionate to the part of that year which had expired at the time of the death of the annuitant, in January, 1903 ?

We think this question is very clearly answered in *Tracy* v. *Strong*, 2 Conn. 659, which in its principal features closely resembles the present action. In that case, as in this, the administratrix of an annuitant claimed to recover a fractional part of the annuity proportionate to the time which had intervened between the fixed time of payment and the date of the annuitant's death. It was urged there, that as the annuity was a provision for a widow in lieu of her dower, it was an exception to the general rule that an annuity was not apportionable. The court overruled the plaintiff's claim, and, in the opinions by CHIEF JUSTICE SWIFT and JUDGE GOULD, held that the only two exceptions introduced by courts of equity to the fully-settled common-law rule that there can be no apportionment of an annuity in respect of time, were "where an annuity is payable, by way of maintenance, to an infant or *feme covert*—who, by reason of their legal disabilities, might be unable to procure credit for necessaries, if payment for them de-

pended upon their living till the annuity should, by the common rule, become payable." The present case does not come within these exceptions, since Mrs. Sanford, after the death of her husband, was under no legal disability to contract.

In England, and in Massachusetts, Rhode Island and New York, annuities are by statute made apportionable in respect of time. In some jurisdictions the exceptions to the common-law rule against apportionment have been extended to include an annuity given to a widow in lieu of dower, upon the ground that the annuity is necessary for the support of the widow until her death, or for the reason that that which is given in the place of dower should last as long as that for which it is given. *In re Lackawanna Iron & Coal Co.*, 37 N. J. Eq. 26; *In re Cushing's Will*, 58 Vt. 393; *Rhode Island Hospital Trust Co.* v. *Harris*, 20 R. I. 160, 163; *Blight* v. *Blight*, 51 Pa. St. 420. But the rule as laid down in *Tracy* v. *Strong*, 2 Conn. 659—perhaps fully understood by the parties to the present contract when it was drawn—has been so long recognized as the established law of this State, that if it is to be changed or the exceptions to it extended, it should be done by the legislature rather than by the courts.

There is no error.

In this opinion the other judges concurred.