NEW YORK LIFE INS. CO. *v.* MAJET.

(Division A. April 5, 1937.)

[173 So. 412. No. 32488.]

Watkins & Eager, of Jackson, for appellant.

H. Talbot Odom, of Greenwood, for appellee.

Argued orally by **Tom Watkins,** and **W. H. Watkins, Sr.,** for appellant, and by **H. Talbot Odom,** for appellee.

**Cook, J.,** delivered the opinion of the court.

On April 7, 1920, the appellant, New York Life Insurance Company, issued three separate life insurance policies on the life of William N. Majet, which were identical in amounts, terms and provisions. Thereafter the insured became totally and permanently disabled within the meaning of these policies, and the appellant recognized this disability by waiving the premiums on these policies, and paying the insured the disability benefits provided therein on each anniversary date of the policies, including the one next preceding the insured's death. The insured died on March 23, 1934, six days before the anniversary date of the policy, which was March 29th, and the appellant refused to pay the proportionate part of the disability benefits accrued to the date of the insured's death, for the reason, as contended by it, that such benefits were not due and payable either in whole or in part unless the insured was living and disabled on an anniversary of the policy.

Thereafter, Mary T. Majet, administratrix of the estate of the said William N. Majet, deceased, filed suit on one of the policies to recover the proportionate part of the annual disability benefit which had accrued prior

to the death of the said William N. Majet, and recovered a judgment therefor in the court below, which was affirmed by this court in an opinion which is reported in 173 Miss. 870, 161 So. 156, 101 A. L. R. 894. In that opinion it was held (1) that the provisions of a life insurance policy for the payment of a stated sum on each anniversary date to the insured during his lifetime and continued disability, after proof of total permanent disability, created a contingent annuity with specific limitation as to its duration, and (2) that under the provisions of section 2179, Code of 1930, declaring that there shall be a like apportionment in the case of annuities, a proportionate part of the disability benefit provided by the policy was recoverable.

After the suit referred to above was finally concluded, the said administratrix filed separate suits on the two other above mentioned policies on the life of William N. Majet, seeking to recover a proportionate part of the disability benefits provided therein. These suits were consolidated and resulted in a judgment for the administratrix, from which the present appeal is prosecuted.

On this appeal it is contended (1) that upon the points therein decided the opinion in the case of New York Life Insurance Company v. Majet, supra, is erroneous and should be overruled, and (2) that the construction which we there placed on section 2179, Code of 1930, renders it violative of the Fourteenth Amendment to the Constitution of the United States, in that the same deprives the appellant of its property without due process of law and denies to it the equal protection of the law.

As stated above, the facts and provisions of the policy involved in the case of New York Life Insurance Company v. Majet, supra, are identical with those involved in this appeal, and since they are fully set forth in the former opinion they will not be repeated here. After a careful reconsideration of the questions decided on the former appeal, in the light of the further argument of

counsel thereon, we have decided to adhere to the former opinion, and that, of course, will lead to an affirmance of this cause, unless the second contention of appellant, stated above, is sustained.

The argument that the construction we placed upon section 2179, Code of 1930, causes it to violate the Fourteenth Amendment to the Constitution of the United States proceeds upon the theory that it unduly abridges the freedom of contract included within the guaranties of the due process and equal protection clauses of this amendment, the contention being that the construction we have placed upon the statute requires the apportionment of the annuity or benefit created by the contract, although the contract expressly provides that it shall not be apportioned, and that this is an arbitrary and unwarranted interference with the liberty of the contract. When the language of the opinion in New York Life Insurance Company v. Majet, supra, is limited to the provisions of the contract involved in that case, and the case at bar, there is nothing in the opinion that warrants the conclusion that we so construed the statute as to require apportionment when there is an express stipulation in the contract that there shall be no apportionment of the annuity or benefit. By the terms of the contract involved in the former case, and in the case at bar, no such question was presented or decided. The language of the contracts creating the disability benefits involved in these cases, if not merely negative in reference to apportionment, is at least of doubtful meaning in that respect. As evidence of that fact we have the contrary construction placed upon these identical provisions by two state Supreme Courts. In Peek Estate v. New York Life Ins. Co., 206 Iowa, 1237, 219 N. W. 487, the Supreme Court of Iowa held that the disability benefits provided by these provisions of the contract were not apportionable on the insured's death before the policy anniversary, while in Brownstein v. New

York Life Ins. Co., 158 Md. 51, 148 A. 273, the Supreme Court of Maryland construed the same provisions as creating an apportionable benefit. Certain it is that in the provisions here involved there is no express stipulation that the benefits therein provided shall not be apportioned. The statute of England, 33-34 Victoria, chapter 35, which changed the common-law rule and made "all rents, annuities, dividends, and other periodical payments in the nature of income" apportionable, expressly provided that the provisions of the act should not extend to any case in which it was or should be expressly stipulated that no apportionment should take place, and it may be, as to which we express no opinion, that the same reservation or limitation may be found in the Fourteenth Amendment to the Constitution of the United States. But we do not think there can be found in the language of the provisions of the policies here under consideration any express stipulation that the benefits created thereby should not be apportioned.

Affirmed.