[L. A. No. 16101.   In Bank.—March 26, 1937.]

ROBERT K. SAMPSON, Trustee in Bankruptcy, etc., Appellant, v. THE CENTURY INDEMNITY COMPANY (a Corporation), Respondent.

Liggett & Liggett for Appellant.

Noon & Noon and Charles A. Brinkley for Respondent.

CURTIS, J.—This appeal is from a judgment in favor of the defendant after the sustaining of a general demurrer to plaintiff's amended complaint. ▇ There is also an appeal from the order sustaining the demurrer. The latter appeal is dismissed as no appeal lies from such an order. The statement of facts is taken from the allegations of the amended complaint. The plaintiff is the trustee of the estate of Robert Farris, a bankrupt. In July, 1929, the Century Indemnity Company, the defendant herein, issued to the said Robert Farris its automobile insurance policy in the limited sum of $10,000, whereby the defendant agreed to pay "all sums which the assured shall be liable to pay by reason of the liability imposed upon him by law for damages because of bodily injuries . . . accidentally sustained by any person, caused by the ownership and maintenance or the use of" the assured's automobile subject to the limit of liability stated therein which, as before noted, was the sum of $10,000. The policy of insurance further provided that the insurer agreed also "to pay all costs . . . *also all interest accruing after entry of judgment until the Company had paid, tendered, or deposited in Court such part of such judgment as does not exceed the limit of the company's liability thereon. . . .*" While said policy of insurance was in full force and effect, one Gerda Hart accidentally sustained bodily injuries caused by the ownership and maintenance and use of the assured's automobile, and thereafter the said Gerda Hart, in the Superior Court of the County of San Diego, recovered a judgment in the sum of $20,000, besides interest and costs, against the said Robert Farris, said judgment being for and on account of the aforesaid bodily injuries. No part of said judgment has been paid, except the sum of $10,000 principal, the costs of said action, and the sum of $1874.55, interest on said judgment, which said payments were made by the defendant, the Century Indemnity Company. It is further alleged that the defendant "is indebted to the said Robert Farris in a sum equal to the interest upon the sum of $10,000 at the rate of seven per cent per annum from the 3rd day of March, 1931", the

date of the judgment rendered against Robert Farris in the action instituted against him by the said Gerda Hart, until paid in full, amounting at the "date hereof to the sum of $2,737.77, no part of which has been paid". Then follow allegations that the said Gerda Hart had filed her claim against the estate of said bankrupt for the unpaid portion of said judgment and that said claim had been allowed in the bankruptcy proceedings. To this amended complaint, stating facts *substantially as herein set out,* the defendant filed a demurrer, both general and special which was sustained by the trial court without leave to amend. From the judgment thereafter entered against him, the plaintiff has appealed.

■ In his opening brief, the appellant states that the only question of law involved herein is the interpretation of the provisions of the insurance policy as to payment of interest. It is appellant's contention that the policy must be construed to give protection to the insured against all interest that became a liability against the insured upon the entire judgment recovered against him in the action brought by Gerda Hart, notwithstanding the judgment was for more than $10,000. Stated concretely, appellant contends that under the terms of the policy the insurance company is liable for the legal interest not only on the principal sum of $10,000 but on the entire judgment of $20,000 from the date of its entry until the company paid the $10,000 and such interest as it was legally liable to pay. We are not concerned with the question of costs as the respondent has paid them in full.

Appellant bases his contention upon the italicized words of the policy quoted above. He argues that this provision of the policy is at least ambiguous and uncertain and that it cannot be determined therefrom whether the company has made itself liable for interest only upon the limited amount *of the judgment which it is obligated to pay,* or upon the entire judgment, and that in accordance with the well-established principle of law that any uncertainty or ambiguity in a contract of insurance is to be construed most strongly against the insurer and in favor of the insured, the court must interpret this provision of the policy of insurance as obligating the insurer to pay interest on the entire amount *of the judgment after its entry and until payment is made* by the company of its part of said judgment. The principle of law relied upon by appellant is firmly established in this

state. (*Everett* v. *Standard Accident Ins. Co.*, 45 Cal. App. 332 [187 Pac. 996]; *O'Connor* v. *Grand Lodge A. O. U. W.*, 146 Cal. 484 [80 Pac. 688]; *Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421, 424 [213 Pac. 42, 26 A. L. R. 123].)

■ It remains, therefore, for us to consider the questioned provision of the insurance policy with the view of determining whether it is so uncertain and ambiguous as to bring it within the scope of the principle of law relied upon by the appellant. In determining the meaning of this provision of the insurance policy, we are not limited to a consideration of this provision alone, but it is our duty to construe the policy in its entirety, and taking the instrument by its four corners, endeavor, if possible, to ascertain the mutual intention of the parties as it existed at the time of the execution of the instrument. Section 1641 of the Civil Code states the rule in the following language: "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."

While the entire policy of insurance under which the appellant claims to be entitled to a judgment against the respondent is not before us, sufficient of its terms are set forth in the amended complaint to show that it is a limited policy of insurance, and that the maximum liability of the respondent thereunder, besides costs and interest, in case either of such items is incurred, is the sum of $10,000, and this is so, even if the claim of the injured party is reduced to judgment. In the latter case, the company is liable for only $10,000 of the principal of the judgment, notwithstanding the judgment may be for a much larger amount. It hardly seems probable, therefore, that the parties to the policy of insurance, after expressly limiting the liability of the company to the principal sum of $10,000, intended to make it liable for interest on any greater amount. Surely we would not be justified in so construing the policy unless it contains language clearly expressing such an intention. We find no such language in the policy. Respecting the liability of the company to pay interest, the policy provides that the company shall pay all interest accruing during a certain specified time. Without such a provision in the policy, or one similar thereto, the company would not be liable for any interest whatever on the judgment. (*Tulare County Power Co.* v.

*Pacific S. Co.*, 43 Cal. App. 315, 327 [185 Pac. 399].)
Possibly it was for the purpose of avoiding the result reached
in that case that the provision respecting the payment of
interest by the company was inserted in the present policy.
"All interest", as used in the provision above quoted, means
all interest on that part of the judgment for which the com-
pany was liable, and not all interest on the entire judgment
as contended by the appellant. To construe this provision
to mean that the company had agreed to pay the interest to
become due on that part of the judgment which the company
was not legally liable to pay would be an unnatural and
strained construction of this provision of the policy. In
our opinion, the only fair and reasonable inference to be
drawn from this provision of the policy when considered
with its other terms is that the company was to pay interest
after judgment only upon that part of the judgment for
which it was liable. So construed there is no ambiguity or
uncertainty in the terms of the policy and therefore the rule
of construction contended for by appellant has no applica-
tion.

"While uncertainties and ambiguities in insurance policies
are to be resolved against the insurer, courts must avoid put-
ting a strained and unnatural construction on the terms of
a policy and thereby creating an uncertainty or ambiguity.
No term of a contract is either uncertain or ambiguous if its
meaning can be ascertained by fair inference from other
terms thereof. There is no difficulty in so ascertaining
the intention of the parties to this action as to the place of
payment, and the court must give effect to that intention."
(*Burr* v. *Western States Life Ins. Co.*, 211 Cal. 568, 576 [296
Pac. 273, 276].)

There is another reason in our opinion why the
parties to the policy of insurance never intended to make
the company liable for interest on the entire judgment during
the time intervening between its entry and the payment of
the company's part thereof. That is, that the insured sus-
tained no loss by reason of the delay on the part of the com-
pany in the payment of its part of the judgment. During
this delay, the insured had the use of the money due on that
part of the judgment for which the company was not liable.
"The value of the use [of money] is equal to the accrued
interest, that being only a consideration paid for the use

of money or for the forbearance in demanding it when due."
(*Tulare County Power Co.* v. *Pacific S. Co., supra*, p. 330.)
In that case the court quoted with approval the following
statement from the opinion in the case of *Maryland Casualty
Co.* v. *Omaha Elec. L. & P. Co.*, 157 Fed. 514 [85 C. C. A.
106]. "The argument of plaintiff's counsel that the de-
fendant, by exercising its right of appeal, and by superseding
the execution of the judgment pending that appeal, caused
the accumulation of interest in question, and thereby created
an additional charge against the plaintiff for which it should
be held responsible as a loss to the plaintiff, is more specious
than sound. The fallacy rests on a failure to recognize the
advantage which the appeal gave the plaintiff. By reason
of it plaintiff was permitted to retain and use the five thou-
sand dollars, which otherwise would have been paid out by
it. The value of the use is equal to the accrued interest,
that being only a consideration paid for the use of money or
for forbearance in determining it when due. Accordingly,
the assured lost nothing by the delay occasioned by the appeal
or by paying the interest which accumulated pending the
appeal. The assured stood after paying the interest exactly
as it would have stood if it had paid the judgment of five
thousand dollars on January 3, 1902, when it was originally
rendered. Nothing was lost by the appeal, as the interest
ultimately paid was neutralized by the use and enjoyment of
the money before that time." As the insured in the present
action could lose nothing by reason of the delay in the pay-
ment by the company of its part of the judgment, it is
hardly reasonable to suppose that the parties to the policy
of insurance intended that he should be compensated for a
loss which he would not sustain. While it may be beside
the question in this case involving the ruling of the court
upon defendant's demurrer, apparently the delay in making
said payment was due to an appeal taken by the insured from
the judgment rendered against him. (See *Hart* v. *Farris*,
218 Cal. 69 [21 Pac. (2d) 432].) One of the grounds of that
appeal was that the judgment was excessive. Evidently the
appeal, at least on this ground, was for the benefit of the in-
sured, if not for his sole benefit. It may be inferred from
the record in that case that the delay in the payment on the
part of the company of its part of said judgment was due

entirely to the appeal taken from the judgment in said action by the insured, and not to any fault of the respondent.

The judgment is affirmed.

Langdon, J., Edmonds, J., Shenk, J., Thompson, J., Waste, C. J., and Seawell, J., concurred.