**WILKERSON et al.**

v.

**MARYLAND CAS. CO.**

Civ. A. No. 1423–1425.

United States District Court
E. D. Virginia, Richmond Division.
June 23, 1953.

J. Segar Gravatt, Blackstone, Va., and Watkins & Brock, Farmville, Va., for plaintiffs.

May, May & Garrett, Richmond, Va., for defendant.

STERLING HUTCHESON, Chief Judge.

This opinion is written in lieu of findings of fact and conclusions of law.

On November 18, 1950 the plaintiffs, Elon J. Wilkerson, Elizabeth Rodgers and Gertrude A. Crowder, were injured when the automobile in which they were riding collided with an automobile operated by Gulley C. Dowdy in Prince Edward County, Virginia. At the time of the accident Dowdy had a policy of public liability insurance on his car issued by defendant, Maryland Casualty Company. The policy is what is generally referred to as an assigned risk policy which the defendant was compelled to issue to Dowdy under the laws of Virginia. Code of Virginia 1950, Sections 46–492 to 46–498, inclusive. The limits of the policy were $5,000 for personal injury to any one person, $10,000 for personal injuries arising out of any one accident and property damage in any one accident to the extent of $5,000.

After the collision Dowdy (here sometimes referred to as insured) notified the defendant (here referred to as insurer) of the accident and after some investigation the insurer discussed with counsel for the injured parties (referred to as plaintiffs) a possible settlement of the claims. Negotiations for a settlement were terminated after the insurer was informed by plaintiffs' counsel that their clients would not execute agreements releasing the insured from all liability for the amount of his coverage but would insist upon collecting from the insured amounts in excess of the coverage of the policy if judgments therefor were obtained.

Thereupon plaintiffs instituted actions against the insured in the Circuit Court of Prince Edward County, Virginia for injuries sustained. The insured received copies of the suit papers but did not notify the insurer. He did not forward the papers to the insurer or make any appearance in the suits. On June 22, 1951, the state court rendered judgment against the insured for each of the plaintiffs in the following amounts: Elon J. Wilkerson $20,000 personal injuries, and $1,614 property damages; Elizabeth Rodgers $10,000 personal injuries, and $88.81 property damages; Gertrude A.

Crowder $15,000 personal injuries, and $329.84 property damages. Costs were awarded each plaintiff.

. Approximately two weeks later the insurer for the first time learned of the proceedings and requested the insured who was then in Alexandria, Virginia, to go to its office in Washington and deliver the suit papers and confer with its representative there. This the insured did. No reason was given for his failure to notify the insurer of the suits. The insurer informed the insured that if he would employ counsel and succeed in having the judgments vacated and thus re-open the cases it would then appear and defend the actions. The insured then consulted counsel of his own choosing and for a period of approximately three months correspondence was exchanged between such counsel, the insurer and counsel for the plaintiffs. In this correspondence counsel for the plaintiffs offered to assist in vacating the judgments. Insurer insisted that counsel for insured should do this if he so desired and counsel for the insured inquired as to what the insurer expected to do. No definite action toward vacating the judgments was taken by any one and in October 1951 each of the plaintiffs instituted suit in the Circuit Court of Prince Edward County, Virginia, against the insurer, the present defendant, seeking recovery on the liability policy. These actions were based upon the judgments against the insured, Dowdy. The last mentioned suits were removed to this court on the ground of diversity of citizenship between the plaintiffs and the present defendant. After such removal, by agreement between counsel for the plaintiffs and counsel for the defendant, the defendant, on March 7, 1952, paid to counsel for the plaintiffs, to be divided between the plaintiffs, the sum of $11,-000, with interest on that amount from the date the plaintiffs recovered their judgments against Dowdy until the date of payment, and all costs accrued in the state court. It was agreed that the issue as to the full limit of the defendant's liability should not be affected by the

payment nor was the question of the amount of interest for which the company was liable under its policy affected thereby, these issues being reserved for decision by the Court.

All parties agree that the defendant has paid the limit for which it could be held liable for personal injury coverage under the policy and all property damage of Gertrude A. Crowder and Elizabeth Rodgers. The issues now involved relate to the defendant's liability to Elon J. Wilkerson for his property damage over and above the $1,000 paid under the agreement of March 7, 1952, and the defendant's liability for interest at 6% per annum on the full amount of the judgments recovered by the plaintiffs on June 22, 1951, from that date to March 7, 1952, when defendant paid the $11,000 to plaintiffs.

Defendant contends that the failure of insured to notify it of the suits against him and to forward to it the suit papers constituted a lack of co-operation and a breach of the insurance contract and therefore there is no liability on the insurer under the policy for any sum excepting the minimum amount of $10,000 for personal injury claims and $1,000 property damage claims required by the Virginia Statute. It contends that since it has paid this amount with interest thereon to the plaintiffs under the agreement of March 7, 1952, it is not liable to the plaintiffs for any further sums. It is further contended that even though defendant should be found liable under the policy for additional property damage to Elon J. Wilkerson, it is not liable for the interest claim of the plaintiffs as the policy provides that it shall pay interest only on that part of the plaintiffs' judgments for which it is liable and since it has already paid interest on that part of the judgments there can be no further interest due the plaintiffs under the policy.

The plaintiff Wilkerson contends that even though the insured may have failed to cooperate with the defendant and may have breached the contract as alleged yet the defendant by its actions and con-

duct both before and after the plaintiffs recovered judgments against the insured has waived this defense and is now estopped to assert it. He insists that the policy is in full force and effect notwithstanding the alleged breach and therefore defendant is liable for property damage to the limit of $5,000 provided by the policy.

All plaintiffs insist that under the contract the defendant specifically agreed to pay all interest due on the judgments from the date of recovery until the defendant paid such part of the judgments as it was liable for and therefore the defendant now owes interest on the full amount of the judgments from the date of recovery until the $11,000 was paid.

Plaintiffs concede that defendant is entitled to credit for the interest on the $11,000 which it has paid.

As stated, there are three separate cases involved but as the interest feature is identical the cases were consolidated in this Court for trial and will be disposed of together.

As the case of the plaintiff Wilkerson is the only one involving a claim for additional property damage under the policy, this phase of the issues presented will be dealt with first.

■ It is settled in this jurisdiction that in asserting claims such as those at bar the plaintiffs' rights are governed by the rights of the insured. The plaintiffs claim through the insured and have his rights and disabilities. State Farm Mutual Automobile Insurance Co. v. Arghyris, 189 Va. 913, 55 S.E.2d 16. This being true, the plaintiffs have whatever rights the insured, Dowdy, had and are encumbered with whatever disabilities he had. Item 7 following "conditions" on page 4 of the policy titled "Notice of claim or suit" specifically provides: "If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representatives".

This the insured failed to do and in failing he breached his contract. At this point the company was relieved from liability under the policy. Notwithstanding this the plaintiffs contend that by its conduct and actions before and after the judgments were rendered the insurer waived the breach and is now estopped to assert it. With this contention I can not agree.

■ Nothing the defendant did before the judgments were rendered can be construed as a waiver, since the breach of the contract by the insured had not then occurred. Such a contention is obviously untenable and has the additional objection that it would discourage attempts to negotiate settlements. I find nothing in the insurer's conduct before the judgments were rendered constituting a waiver of its defenses under the contract.

■ Nor do I find any conduct on the part of the insurer after the judgments were rendered that constituted a waiver of its defenses of a breach of policy conditions by the insured. At most, all the insurer did was to advise insured, after it learned of the judgments, that if he would obtain orders vacating the judgments the insurer would appear and defend him in the actions. The company did not specifically state whether its defense would or would not be under a reservation of rights to deny coverage. It was not compelled to so state. In offering to defend the insured upon the stated conditions, the insurer offered to do that which it was not compelled to do and its offer was conditional. Such an offer is not a waiver of the insurer's rights under the policy.

■ In the case of Temple v. Virginia Auto Mutual Insurance Co., 181 Va. 561, 25 S.E.2d 268, at page 274, the Court said:

"Notice of an accident and information of any demands made upon, or actions brought against, an assured are reasonable provisions to be inserted in a liability insurance policy. Performance of

these provisions is usually regarded as a condition precedent to the right to recover on the policy."

See also Harmon v. Farm Bureau Mut. Automobile Ins. Co., 172 Va. 61, 200 S.E. 616; State Farm Mut. Automobile Ins. Co. v. Arghyris, supra; Coleman v. New Amsterdam Cas. Co., 247 N.Y. 271, 160 N.E. 367, 72 A.L.R. 1443.

Whether the insurer has been prejudiced by the insured's failure to comply with the requirements of the contract is not a question involved. A showing of prejudice is not required of the insurer. State Farm Mut. Automobile Ins. Co. v. Arghyris, supra.

In discussing whether a breach of a policy provision by the insured relieved the insurer from liability under the policy and by subsequent conduct the insurer waived this defense or was estopped to assert it, the Court of Appeals for the Fourth Circuit, in the case of Coleman Furniture Corporation v. Home Ins. Co., 67 F.2d 347, at page 351, quoted with approval the following language from Judge Paul who was the trial judge:

"There is sound authority for and much force in the view that the insurer is not estopped unless the insured relied upon the action of the insurance company and that his situation has been changed as a result thereof, and that it would operate as a fraud upon him to allow the insurer to retract or disown its previous conduct."

There is no evidence in the case at bar that the insured, or Elon J. Wilkerson who claims through him, changed his position or did anything to his detriment on account of the actions or conduct of the insurer after the insurer learned of the breach of the conditions of the contract by Dowdy. When the insurer learned of the judgments the policy had been breached and from this point on the position of Dowdy and Wilkerson remained the same with respect to the property damage judgment of Wilkerson. Wilkerson can not be heard to say that his position has changed because the insurer did not obtain orders vacating the judgments. The law did not require that it do so and the evidence is uncontradicted that at most it promised to defend the suit upon condition the judgments were vacated. The insured failed to comply with the condition.

As there was a breach of the contract by the insured which has not been waived by the insurer it is not now estopped to assert this defense to the remainder of the property damage claim of the plaintiff Wilkerson.

It follows that the defendant company is liable for property damage in an amount not exceeding $1,000, the limit fixed by statute.

There remains for determination the question involved relating to the liability of the company for interest on the full amounts of the several judgments from the date of entry until payment by the company of the $11,000. An analysis of the pertinent provisions of the statute and of the insurance contract becomes necessary.

The pertinent portions of Code of Virginia, Section 46-492 provide:

"Every owner's policy shall * * (3) insure the insured * * * against loss from any liability imposed by law for damages, * * * because of bodily injury. * * * and injury to or destruction of property caused by accident * * subject to a limit exclusive of interest and costs, * * * of five thousand dollars because of bodily injury * * * of one person in any one accident and, subject to the limit for one person, to a limit of ten thousand dollars because of bodily injury * * * of two or more persons in any one accident, and to a limit of one thousand dollars because of injury to or destruction of property of others in any one accident."

Section 46-498(6) reads, in part:

"* * *. No violation of the terms of the policy shall operate to defeat or avoid the policy so as to

bar recovery within the limits provided in this chapter."

The insurance contract contains the following language (Section II on page 2):

"As respects the insurance offered by the other terms of this policy under coverages A and B, the company shall * * * (c) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon; * * *."

■ In Standard Acc. Ins. Co. of Detroit, Mich. v. Winget, 197 F.2d 97, the Court of Appeals for the Ninth Circuit has construed a similar provision as imposing liability upon the insurer for interest on only that portion of the judgment for which it is liable. That case is persuasive but not controlling on this Court. This is particularly true since it appears that the case was decided under the laws of the State of California and the precise question has been considered by the Supreme Court of that state.

I have not seen any case in point from the Supreme Court of Appeals of Virginia or from the United States Court of Appeals, Fourth Circuit. However, the Fourth Circuit in American Automobile Insurance Co. v. Fulcher, 201 F.2d 751 held that interest on the judgment which an insurance company is obligated to pay is a liability imposed by law.

With due deference to the learned Court for the Ninth Circuit I have followed a different line of reasoning from that so clearly set forth in its opinion.

While the question is not free from doubt, it is my conclusion that the proper interpretation of the statute and the contract fixes liability upon the company for interest upon the full amount of the several judgments from the date of entry to the time the company pays the amount for which it is liable.

■ The language of the contract clearly provides that the company shall pay all interest accruing after entry of judgment until it has paid, tendered or deposited in court such part of the judgment obtained as does not exceed the limit of the company's liability thereon. The contract was drafted by the company and if the language used is ambiguous it should be construed strongly against the company. However, no ambiguity is apparent. It is obvious that in the mind of the draftsman was a situation in which the company would not be liable for the full amount of the judgment; otherwise there would have been no point in referring to "such part of such judgment as does not exceed the limit of the company's liability thereon." The interpretation of the provision here stated commends itself to sound reasoning. Ordinarily the insurer is desirous of controlling litigation involving its liability. Under an agreement to pay all interest no harm can be caused the insurer while the company litigates. Not infrequently judgment is obtained against an insured for an amount in excess of the coverage of the policy and it would seem a harsh rule to permit the insurer to litigate the entire case in an effort to save the amount of its coverage while interest on the excess accumulates against the insured. In some situations the consequences to the insured would be serious. With the company in control of the conduct of the case the policy holder is powerless should he desire to effect a settlement unless the company consents. Upon the other hand, the company may at any time relieve itself of liability for the excess interest by paying or tendering or depositing in court the amount of the limit of its liability under the policy.

In the absence of a breach of the contract justifying the company in denying coverage the reasoning leading to this conclusion would appear inescapable.

However, the doubt revolves around the facts of this case in which, by reason of a breach of the contract by the insured, the company has been relieved

of liability except within the limits fixed by statute. Thus the question is presented as to whether the interest accruing on the aggregate amounts of the several judgments after entry thereof until March 7, 1952 (when the defendant paid the part of the aggregate amount for which it was liable), is collectible in view of the statutory limitation upon the company's liability.

Still bearing in mind the principle that the contract should be construed against the company if its language is doubtful, it is my conclusion that the company is liable for the full amount of interest. In this connection the provision of the statute fixing limits "exclusive of interest and costs" is worthy of note. The limits fixed by statute are $5,000, $10,000 and $1,000, respectively, "exclusive of interest and costs". Following the limitation upon what might be referred to as principal amounts of the policy, the statute provides that no violation of the terms of the policy shall defeat or avoid the policy so as to bar recovery within the statutory limits. Since the statute makes it mandatory that the insurer be responsible for a definite sum under the policy, I see no reason why a contractural provision providing that the company will pay "all interest accruing after judgment" would not attach as well when the liability for a part of the judgment is fixed by statute as where the liability of the insurer is fixed by the policy itself. Stated differently, the interest clause of the policy should apply as forcefully where the part of the judgment for which the insurer is liable is fixed by statute as where it is fixed by the policy. By its own act the company has made itself liable for interest on the full amount of the judgment if it becomes liable for a part of the judgment. By appropriate language in the contract it could have limited its liability with respect of interest. It not only did not eliminate or curtail its liability for interest but fixed it in such a manner that it accrues upon the full judgment. In effect, it defined its interest liability in event judgment is recovered for an amount greater than the principal coverage of the contract so as to provide for a payment in the nature of liquidated damages should it fail to discharge promptly its obligation.

In this situation even though the policy holder may have breached the conditions of the policy so as to relieve the company for coverage in an amount greater than that fixed by statute, the company may not deny coverage for the interest and costs which it has made a part of its liability in event it is required to pay any part of a judgment rendered against the policy holder.

An order may be prepared and presented fixing the liability of the defendant on the claim for property damage of the plaintiffs in the amount of $1,000 which it has paid; and granting judgment to the respective plaintiffs for interest at 6% per annum on the full amounts of their respective judgments from June 22, 1951, until March 7, 1952, less the interest heretofore paid by the defendant on $11,000.