Harry C. **UNDERWOOD**

v.

Thomas F. **BUZBY**, Individually and trading as Maryland-Pennsylvania Express, Defendant (E. **HUBSCHMAN & SONS**, Inc., Third-party Defendant).

Civ. A. No. 14437.

United States District Court
E. D. Pennsylvania.

Dec. 29, 1955.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

John J. McDevitt, Philadelphia, Pa., for defendant and third-party plaintiff and American Fidelity & Casualty Co., Inc., garnishee.

CLARY, District Judge.

The single question presently before the Court for determination is the extent of the liability of the American Fidelity & Casualty Company, Inc., the insurer of Thomas F. Buzby, individually and trading as Maryland-Pennsylvania Express, defendant in the above entitled action, with respect to the amount of interest owed the plaintiff, who obtained a verdict in excess of the coverage afforded by the automobile liability policy of the insurer. Harry C. Underwood, plaintiff herein, at trial, obtained a verdict of $60,000; defendant, however, was insured only to the extent of $25,000. The litigation was controlled and handled by the insurance carrier. After the verdict certain post-trial motions were filed by defendant and, upon dismissal of the motions, the insurance carrier paid to the Clerk of this Court the full amount of its coverage, to wit: $25,000 plus interest, on that amount only, from the date of the verdict to the date of payment. The Court is now asked to determine whether the insurance carrier is bound to pay interest for the same period, from the date of the verdict to the date of payment into court of the proceeds of the policy and interest thereon, upon the $35,000 uninsured portion of the verdict.

Plaintiff herein contends that under the applicable provisions of the policy in question the insurance carrier has made itself liable for the payment of interest upon the full verdict until it deposited into the Registry of this Court the total amount of its coverage. Plaintiff points to the following pertinent provisions of the policy:

"American Fidelity & Casualty Company, Incorporated, Richmond, Virginia (a stock insurance company, herein called the company), agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

"As respects the insurance afforded by the other terms of this policy under coverages A and B the company shall: * * *

"(c) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon; * * *."

The basis of jurisdiction of this Court rests solely in diversity of citizenship. Pennsylvania law must therefore govern the interpretation of the insurance contract; 28 U.S.C.A. §§ 1332, 1652.

Research by counsel for both parties and the Court's independent research reveals no Pennsylvania cases on point. The exact question, however, under identical policy provisions has been litigated in the cases of Standard Accident Ins. Co. of Detroit, Mich. v. Winget, 9 Cir., 1952, 197 F.2d 97, and Wilkerson v. Maryland Cas. Co., D.C.E.D.Va.1953, 119 F.Supp. 383, affirmed per curiam, 4 Cir., 1954, 210 F.2d 245.

In the Standard Accident Ins. Co. case, supra, the Ninth Circuit held that the insurance company was liable for interest only on the amount of its coverage. In the Wilkerson case, supra, which arose in the Eastern District of Virginia, the court there decided that under a literal reading of the section of the policy above quoted, the insurer had obligated itself to pay interest on the full amount of the verdict until it had discharged its obligation by paying to the plaintiff, or into court, the full amount of its coverage plus accrued interest on the full verdict to the date of payment. There is no possible way in which these two diverse decisions can be reconciled. In the Stand-

ard Accident Ins. Co. case, the Southern District of California, in applying California law as it was required to do under the provisions of 28 U.S.C.A. § 1652, supra, had the benefit of a decision of the Supreme Court of California, which decision interpreted the above quoted section as requiring the insurer to pay interest only on the amount of its coverage. The decision of the Supreme Court of California, since the case arose in California, was therefore dispositive of the question when it arose in the Federal Court in that State. In the Wilkerson case, supra, the precise question had not been determined by the Supreme Court of Virginia and the District Court in the Eastern District of Virginia refused to follow the California decision which action, as noted above, was affirmed by the Court of Appeals for the Fourth Circuit. I believe the ruling of the Fourth Circuit more nearly accords with Pennsylvania law and I, therefore, will follow the decision of Chief Judge Hutcheson in the Wilkerson case.

The Supreme Court of Pennsylvania from the early case of The Western Ins. Co. v. Cropper, 1859, 32 Pa. 351, through the case of Snader v. London & Lancashire Indemnity Co., 1949, 360 Pa. 548, 62 A.2d 835, has uniformly held that where the terms of a policy are susceptible of different interpretations, that interpretation must be adopted which is most favourable to the insured.

A literal reading of the above mentioned clause shows the express intention of the draftsman of the insurance policy in respect to interest payments. Very little restrictive language would have been required to limit the liability of the insurer to interest only upon that portion of the judgment covered by its policy if that were the intention of the insurer. The obligation of the company to pay interest on the full amount of the verdict gives realistic protection to the insured. The company is in charge of the litigation and after verdict may conscientiously feel that its insured is not liable and may wish to appeal from an adverse judgment. Under the Wilkerson interpretation of the clause with which I concur no harm can come to the insured. While the company's liability remains fixed at the stated limits of the policy, nevertheless, in law, there is a continuing obligation of the insured to pay interest upon the *full amount* of the verdict. Under the provisions of the policy as written the company absorbs the accruing obligations of its insured during the time the matter is on appeal. Giving the words selected by the insurer their plain meaning, I feel there is no ambiguity and the insurer is liable for interest on the full amount of the verdict to the date of the payment by the insurer into the Registry of this Court.

Accordingly, an order for judgment in favor of the plaintiff may be submitted.