Harry C. UNDERWOOD

v.

Thomas F. BUZBY, Individually and trading as Maryland-Pennsylvania Express, Defendant,

and

E. Hubschman & Sons, Inc., Third-Party Defendant.

American Fidelity & Casualty Company, Inc., Appellant.

No. 11864.

United States Court of Appeals Third Circuit.

Argued June 18, 1956.

Decided Sept. 11, 1956.

Judgment affirmed.

John J. McDevitt, III, Philadelphia, Pa. (Bernard J. Smolens, Philadelphia, Pa., on the brief), for appellant.

Milton M. Borowsky, Philadelphia, Pa. (Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellees.

Before MARIS and McLAUGHLIN, Circuit Judges, and VAN DUSEN, District Judge.

VAN DUSEN, District Judge.

This case raises the question of whether the trial court was correct in holding that a public liability insurance carrier is required by the following terms of its policy to pay interest on the uninsured portion of a verdict from the date of entry of judgment on that verdict to the date of payment into court of the proceeds of the policy and interest thereon:[1]

"As respects the insurance afforded by the other terms of this policy

---

I. The opinion of the lower court summarizes the applicable factual situation as follows [136 F.Supp. 958]:

"Harry C. Underwood, plaintiff herein, at trial, obtained a verdict of $60,000; defendant, however, was insured only to the extent of $25,000. The litigation was controlled and handled by the insurance carrier. After the verdict certain post-trial motions were filed by defendant and, upon dismissal of the motions, the insurance carrier paid to the Clerk of this Court the full amount of its coverage, to wit: $25,000 plus interest, on that amount only, from the date of the verdict to the date of payment."

under coverages A and B the company shall: * * *

"(c) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon; * * *
* * * * *

"The amounts incurred under this insuring agreement, except settlement of claims and suits, are payable by the company in addition to the applicable limit of liability of this policy."

Condition No. 8 of the policy provides:

"The insured shall cooperate with the company and, upon the company's request shall * * * assist * * * in the conduct of suits."

▇▇▇ Although the question is not free from doubt, due to the preamble first quoted referring to "the insurance afforded by * * * Coverage A" which limits the liability to $25,000, we think the district court rightly applied the well recognized rule of law requiring interpretation of such an insurance contract against the insurer,[2] who has prepared it and who could easily have made clear the restrictive interpretation of the literal meaning of the words "all interest accruing after entry of judgment until the company has paid, tendered, or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon," for which it contends. Recognizing that the court decisions are in conflict on the interpretation of this wording in insurance contracts,[3] we believe the reasoning of Judge Clary's opinion in this case and of Chief Judge Hutcheson's opinion in Wilkerson v. Maryland Casualty Co., D.C. E.D.Va.1953, 119 F.Supp. 383, 388, affirmed per curiam, 4 Cir., 1954, 210 F. 2d 245, is that which would be followed by a Maryland Court in this situation in view of the rule of construction which, as we have seen,[4] is followed in that state.

This construction of the contract is not "unnatural"[5] in view of the reservation by the insurer of the ability to terminate its liability for interest through payment of the amount of its obligation under any judgment into court

2. During the oral argument, counsel conceded that the policy was probably delivered in Maryland and the only evidence in the record on the point was the statement on the copy attached to the Stipulation stating that it was countersigned at Baltimore (Appendix 19A). Under the applicable Conflict of Laws rule, Maryland law controls the interpretation of its language. See Harry L. Sheinman & Sons v. Scranton Life Ins. Co., 3 Cir., 1942, 125 F.2d 442; Roth v. Maryland Casualty Co., 3 Cir., 1954, 209 F. 2d 371; Restatement of Conflict of Laws, §§ 311, 312. The Maryland courts have adopted the well-recognized legal principle that if the meaning of an insurance contract is doubtful, it must be construed against the insurer. See Brownstein v. New York Life Ins. Co., 1930, 158 Md. 51, 148 A. 273, 276; New England Mutual Life Ins. Co. of Boston, Mass. v. Hurst, 1938, 174 Md. 596, 199 A. 822, 826; Hankins v. Public Service Mutual Ins. Co., 1949, 192 Md. 68, 63 A.2d 606, 610, 614.

3. Compare Underwood v. Buzby, D.C.E.D. Pa.1955, 136 F.Supp. 957, and Wilkerson v. Maryland Casualty Co., D.C.E.D.Va. 1953, 119 F.Supp. 383, 388, affirmed per curiam 4 Cir., 1954, 210 F.2d 245, with Sampson v. Century Indemnity Co., 1937, 8 Cal.2d 476, 66 P.2d 434, 109 A.L.R. 1162; Standard Accident Insurance Co. v. Wingert, 9 Cir., 1952, 197 F.2d 97; Home Indemnity Co. v. Corie, 206 Misc. 720, 134 N.Y.S.2d 443, affirmed without opinion, 1954, 286 App.Div. 996, 144 N.Y.S. 712; and City of Watseka v. Bituminous Gas Corp., 1952, 347 Ill. App. 149, 106 N.E.2d 204, 208.

4. See footnote 2, supra.

5. Cf. the language used in Sampson v. Century Indemnity Co., op. cit. supra, footnote 3, 66 P.2d at page 437.

and of its right [6] to control the conduct of the suit.[7]

The judgment appealed from will be affirmed.

---

6. See Condition 8 quoted above.

7. Also, the argument that the insured has the use of his money during the time the insurer engages in pre- and post-trial motions and proceedings, such as those involved in this case, is not particularly forceful since interest on the judgment at the rate of 6% (as provided for in 12 P.S. § 782 and 41 P.S. § 3) far exceeds the rate available on conservative obligations in the money market at the time when this contract was issued. In diversity actions, it is noted that the interest on judgments is computed generally by Federal courts at the rate applied by the law of the state where the Federal court sits. See Women's Catholic Order of Foresters v. Special School Dist., 8 Cir., 1939, 105 F.2d 716, 722.