**GULF INSURANCE COMPANY, Appellant,**

v.

**John PLASKY, Appellee.**

No. 10686.

Court of Civil Appeals of Texas.

Austin.

July 15, 1959.

Rehearing Denied Aug. 5, 1959.

Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., Dallas, for appellant.

Powell, Rauhut, McGinnis & Reavley, Eugene W. Nelson, Austin, for appellee.

GRAY, Justice.

Appellee, John Plasky, recovered a judgment for damages against B. A. Hodges. The damages were for personal injuries and property damage sustained in an automobile collision. It was rendered May 28, 1956 and was for $87,069.34, interest and costs. This amount included $572.50 property damage. An appeal was prosecuted

from that judgment and it was affirmed by this Court. Hodges v. Plasky, Tex.Civ. App., 300 S.W.2d 955, er. ref., n. r e.

Appellant, Gulf Insurance Company, was the liability insurance carrier for Hodges and defended the suit in the trial court and on appeal. The policy of insurance insured Hodges against liability for bodily injuries to the limit of $5,000 for each person, $10,-000 for each accident and for property damage to a limit of $5,000. The policy obligated appellant, Gulf, to

"(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;

"(b) * * *

"(2) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;"

On November 28, 1956 B. A. Hodges filed his petition in bankruptcy and listed appellee's judgment as one of the claims against him. He has been duly discharged as a bankrupt by an order filed February 19, 1958.

In this suit appellee sued appellant to recover the limits of the above policy for personal injuries and property damage and also interest on $87,069.34 at the rate of 6 per cent per annum from May 28, 1956. At a nonjury trial a judgment was rendered awarding appellee a recovery against appellant for $5,572.50 together with interest on $87,069.34 from May 28, 1956 at the rate of 6 per cent per annum.

Appellant here presents five points. These are to the effect that the trial court erred: in failing to limit appellee's recovery to $5,572.50; in allowing interest on the amount of the judgment in excess of the limits of the policy of insurance; in allowing interest on the excess part of the judgment despite tenders by appellant; in allowing interest on the excess portion of the judgment after Hodges was discharged in bankruptcy, and in

"* * * allowing interest on the excess portion of the judgment even after the final action of the Supreme Court and the tender to the Appellee of the full amount of Appellant's liability in return for a pro tanto release."

By its points and its brief appellant concedes liability for $5,000 for personal injuries and also for $572.50 property damage. It asserts that it has tendered these amounts and denies liability for interest on the amount of appellee's judgment in excess of those amounts.

The question for decision is: Does the clause above quoted obligate appellant to pay interest on the amount of appellee's judgment in excess of the policy limits?

This question has not been decided by the Texas appellate courts. It has been before courts in other jurisdictions, however those decisions are not in accord. Also the texts that we have examined do not answer the question. In 29 Am.Jur. p. 921, Sec. 1228, it is said:

"The determination of the question whether an indemnity or liability insurer is liable for interest and costs on that part of a judgment recovered against the insured by a third party which is in excess of the amount limited by the policy depends upon the language employed by the parties in their contract. Under the provisions of some policies it has been held that the insurer is liable for interest only on the amount limited by the policy, and not on the amount recovered in excess of that sum."

In Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 6, part 2, p. 176, Sec. 4105.5, it is said:

"Under a policy providing for the payment of interest accruing after the entry of judgment against insured until payment, tender or deposit in court of the part for which insurer is liable, insurer is liable only for interest on the part of the judgment for which it is liable where the policy as a whole shows such was the intent."

The holdings of the Federal Courts are not in accord, this however may be explained by the fact that those courts interpret the policy of insurance by the law of the State where the policy was in force. In Herzog v. Fidelity & Casualty Company of New York, 10 Cir., 257 F.2d 840, 841, the court said:

"Persuasive or even convincing as these authorities may seem, they are but forecasts of controlling state law. They are binding only upon the parties and persuasive only until the respective states have spoken."

In Standard Accident Ins. Co. of Detroit, Mich. v. Winget, 9 Cir., 197 F.2d 97, 106, 34 A.L.R.2d 250, the court considered a policy of insurance executed in the State of California which obligated the company to pay:

"* * * all costs taxed against the insured in any such suit, all expenses incurred by the company, all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon, * *"

Winget, the appellee, contended that he was entitled to recover interest on the amount of his judgment in excess of the policy limits. The court declined to so interpret the policy and cited Sampson v. Century Indemnity Company, 8 Cal.2d 476, 66 P.2d 434, 109 A.L.R. 1162, by the Supreme Court of California. The court said:

"If we hold an insurer liable for interest, not on the portion of the judgment for which it is liable, which it does not pay, but on the whole amount recovered against the insured, we are imposing vicarious liability. And, while vicarious liability exists in our law, it is the exception rather than the rule. And a contract should not be interpreted in such a manner as to impose upon a person responsibility for the obligations of others, even if it be in the form of interest only.

"In the light of what has just been said, we do not believe that the clause under discussion lends itself to the strained construction which appellant Winget would place on it. Courts do not resort to forced construction in order to fasten liability upon an insurer which, by the terms of the policy, it has not assumed. Maryland Casualty Company v. Industrial Accident Commission, 1930, 209 Cal. 394, 397, 287 P. 468; Blackburn v. Home Life Insurance Co., 1941, 19 Cal.2d 226, 229, 120 P.2d 31."

In the Sampson case supra [8 Cal.2d 476, 66 P.2d 435] the court had before it an insurance policy which obligated the company

"to pay all costs * * * also all interest accruing after entry of judgment until the Company had paid, tendered, or deposited in Court such part of such judgment as does not exceed the limit of the company's liability thereon. * * *"

The court said:

"'All interest,' as used in the provision above quoted, means all interest on that part of the judgment for which the company was liable, and not all interest on the entire judgment as contended by the appellant. To construe this provision to mean that the company had agreed to pay the interest to become due on that part of the judgment

which the company was not legally liable to pay would be an unnatural and strained construction of this provision of the policy."

and further that:

" 'While uncertainties and ambiguities in insurance policies are to be resolved against the insurer, courts must avoid putting a strained and unnatural construction on the terms of a policy and thereby creating an uncertainty or ambiguity. No term of a contract is either uncertain or ambiguous if its meaning can be ascertained by fair inference from other terms thereof. There is no difficulty in so ascertaining the intention of the parties to this action as to the place of payment, and the court must give effect to that intention.' Burr v. Western States Life Ins. Co., 211 Cal. 568, 576, 296 P. 273, 276."

Following the report of the Sampson case in 109 A.L.R. and beginning on page 1167 there are annotations interpreting insurance clauses as to interest. However the clauses are somewhat different to the one before us and for which reason we think the cases herein cited are more in point on the question here.

In Russom v. United Service Automobile Association, D.C., 143 F.Supp. 790, 796, Judge Rice sitting at San Antonio, had before him the following clause: " * * * all interest accruing after entry of judgment until the company has paid, tendered, or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon." In holding the company liable for interest on the entire judgment he said the language was clear and unambiguous and cited and quoted from Appleman, Automobile Liability Insurance, p. 209, as follows:

"The intention of the framers is quite clear. In addition to the policy limits, the company intends to pay * * * all interest accrued, even on that portion in excess of the policy limits. This common sense interpretation is confirmed by Mr. Sawyer."

He also cited Wilkerson v. Maryland Cas. Co., D.C., 119 F.Supp. 383, affirmed 4 Cir., 210 F.2d 245; Underwood v. Buzby, D. C., 136 F.Supp. 957. He cited contrary holdings from California, New York and Oklahoma. He followed the Wilkerson and Underwood cases as being the most logical decisions. His holding was affirmed. United Service Automobile Association v. Russom, 5 Cir., 241 F.2d 296, 303 where the court said:

"We agree with the District Court. And for good reason. Payment of interest, as well as the obligation to defend, pay premiums on appeal bonds, pay expenses of insurer and assured in the investigation and defense of claims, are, by their nature undertakings to pay sums over and above the policy limits frequently in substantial amounts which may, and often do, exceed the liability limits. Many of them bear only an accidental relation to the amount of the policy limits. Moreover, the policy, categorically stating this, presumably recognizes that, since the almost exclusive direction and control of the defense of the claim is in the insurer's hands and the assured takes independent action toward settlement or disposition only at his peril, the accrual of interest on the whole claim (for items within the coverage) is, in the overall strategy of defense, but one of the expected costs and, as any other, is to be borne by the insurer."

The Wilkerson case, supra, was a Virginia case and the court in that case conceded there was room for doubt absent State authority. In the Underwood case the court said the question was not free from doubt. In his opinion Judge Rice noted that the Underwood case was decided under the law of Pennsylvania under which law insurance policies, if ambiguous, are

construed most strongly against the insurer as is also the law of Texas. Citing 24 Tex.Jur. 696.

■ The contract before us is to be interpreted as a contract entered into under the laws of this State and is governed thereby. Art. 21.42, Texas Ins.Code, V.A.T.S.

The Russom case, supra, is the only case that we have found that can be interpreted as decided under the law of Texas. That case however cites as authority for its holding cases from other jurisdictions with the exception of the Texas rule for construction of ambiguous insurance policies. However Judge Rice said that the clause before him was clear and unambiguous.

■ With great deference to the opinion of Judge Rice it appears to us that to construe the above clause to bind appellant to pay interest on $87,069.34 under a policy limiting its liability for personal injuries to $5,000 and for property damage to a like amount and thereby pay a sum in excess of five times the limits of the policy ($5,572.-50) would require a strained and unnatural construction and would impose an obligation on appellant beyond and in excess of the terms of the contract. We think the reasoning of the Sampson case, supra, by the California Supreme Court is in accord with the law of this State. We hold that appellant's liability for interest is limited to the amount of the judgment within the terms of the policy.

Our holding is supported by authorities from the following States: California— Sampson case, supra; Malmgren v. Southwestern Automobile Ins. Co., 126 Cal.App. 135, 14 P.2d 351; Oklahoma—Maryland Casualty Co. v. Peppard, 53 Okl. 515, 157 P. 106, L.R.A.1916E, 597 and also the Winget and Herzog cases, both supra; New York—Home Indemnity Co. v. Corie, 206 Misc. 720, 134 N.Y.S.2d 443, affirmed 286 App.Div. 996, 144 N.Y.S.2d 712; Illinois—City of Watseka, Iroquois Company v. Bituminous Cas. Corp., 347 Ill.App.

149, 106 N.E.2d 204; and Tennessee— Casey-Hedges Co. v. Southwestern Surety Co., 139 Tenn. 63, 201 S.W. 137.

We have noted that the holdings of the Federal Courts are not in accord on the question here presented. However this is explained by the fact that those cases were decided under State laws governing policies of insurance. For this reason we think that the weight of authority must be determined by the decisions of State courts.

Sec. 34 of Title 11 U.S.C.A., the Bankruptcy Act, provides:

"The liability of a person who is a codebtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

The policy of insurance provides:

"Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder."

■ The discharge of B. A. Hodges in bankruptcy did not discharge appellant's liability under the policy of insurance before us.

In holding the insurance company liable for interest on the part of a judgment in excess of the policy limits some courts appear to argue that the company has caused interest to accrue by appealing the case and therefore is responsible for it. This argument is answered in the Sampson case supra. However we will add that the policy before us makes provision for defense of suits by the insurer. Then to apply the above argument to the case here would be penalizing the insurer for doing that which it contracted it would do.

■ Appellant asserts that it has at various times tendered to appellee the amount of its liability. An examination of the record shows that the alleged tenders were conditional or that they failed to constitute legal tenders. We will quote one

which was made after action by the Supreme Court and is dated July 8, 1957:

"Draft in favor of Mr. Plasky and your firm in the sum of $5,586.43, which includes our portion of the judgment, together with interest from June 26, 1957 to July 11, 1957, is sent you herewith. Of course, this draft is not to be used until the instrument of Pro Tanto Release has been executed by Mr. Plasky and approved by you."

This amount did not include interest from the date of judgment and was not a tender of the full amount of appellant's liability.

The judgment of the trial court is reversed insofar only as it allows interest on the amount of the judgment in excess of the policy limits and is reformed to allow appellee a recovery of appellant for the sum of $5,572.50 together with interest thereon from May 28, 1956 at the rate of 6 per cent per annum.

The judgment of the trial court is reformed as herein stated and as reformed it is affirmed.

Reformed in part and in part affirmed.

HUGHES, Justice (dissenting).

Insofar as the majority holds that the obligation of Gulf to pay "*all* interest accruing after entry of judgment" may be satisfied, in this case, by paying approximately one-fifteenth of that amount, I respectfully dissent.

There was but one judgment which the policy provision applied to, had reference to or was in the contemplation of the contracting parties. It was, here, a judgment for $87,069.34. There was no judgment for $5572.50.

The policy provision, in my opinion, is clear and unambiguous. It shows by its language that the parties understood the difference between the judgment, the entire judgment, and " * * * such part of such judgment as does not exceed the limit of the company's liability. * * * "

If we adopt Gulf's argument here as to its obligation to pay "all interest," then to be consistent we would be compelled to hold that its obligation to "pay all expenses incurred by the company," means only that it should pay its pro rata part of such expenses and that its obligation to pay "all costs taxed against the insured" means only that it is required to pay its pro rata share of such costs.

I am simply unwilling to so torture the plain wording of this provision. "All interest" to me means just that and not a pro rata portion of all interest.

Gulf could have very easily avoided the liability it now denies by taking advantage of any one of the three built in escape clauses. It could have paid its part of the judgment, tendered its part of the judgment or deposited its part of the judgment in court. It did none of these things. Instead it decided to appeal the judgment and attack its validity. This it had the right to do but it should bear the consequences of its failure on appeal as measured by the plain provisions of the policy.

I believe that we should follow the opinion of our local Federal Court in United States Automotive Association v. Russom, D.C., 143 F.Supp. 790, affirmed 5 Cir., 241 F.2d 296. These opinions were by Judges Rice and Brown, respectively, both distinguished Texas jurists. The policy provision there construed is identical with the one in this case and the courts held the company liable for interest on the entire judgment even though it exceeded the amount of the company's basic liability.

In addition to Russom I cite the following authorities as supporting this dissent: Appleman on Insurance Law and Practice, Vol. 8, Sec. 4899, p. 317; Sawyer, Automobile Liability Insurance, pp. 81–82; Underwood v. Buzby, 3 Cir., 236 F.2d 937; Wilkerson v. Maryland Casualty Co., D.C., 119 F.Supp. 383. See also Insurance Law

Journal, pp. 199–204 (April 1957 issue); Id. pp. 407–411 (July 1957 issue); dissenting opinion in Morgan v. Graham, 10 Cir., 228 F.2d 625, 54 A.L.R.2d 1290.

Of the cases cited by the majority Maryland Casualty Company v. Peppard, 53 Okl. 515, 157 P. 106, 107, L.R.A.1916E, 597, is not in point. There the policy provided that the company should pay "all interest accruing after entry of judgment upon such part thereof as shall not be in excess of the limits of the company's liability." This language is plain in stating that the company should not be liable for interest on that part of the judgment which exceeded its liability limit.

I would render judgment compelling Gulf to comply literally with the plain provisions of its policy and to pay interest on the entire judgment until it discharges this liability in the manner stated in the policy.