JOHN PLASKY V. GULF INSURANCE COMPANY.

No. A-7518. Decided May 18, 1960.
(335 S.W. 2d Series 581)

*Eugene W. Nelson, Powell, Rauhut, McGinnis, Reavley & Lockridge,* and *Robert E. McGinnis,* all of Austin, for petitioners.

The Court of Civil Appeals erred in failing to hold that the insurance policy requires respondents to pay interest on the entire judgment for $87,609.34 and in holding that respondent was liable only for interest on that portion of the judgment within the policy limits. Millikin v. Callahan County, 69 Texas 205, 6 S.W. 681; Snyder Ind. Sch. Dist. v. Shaw, 126 Texas 343, 88 S.W. 2d 85; United Service Automobile Ass'n. v. Miles, 139 Texas 138, 161 S.W. 2d 1048.

*Strasburger, Price, Kelton, Miller & Martin,* and *Royal H. Brin,* all of Dallas, for respondent.

In response cited Alford v. Textile Ins. Co., 248 N. C. 224, 103 S.E. 2d 8; Home Indmn. Co. v. Corie, 144 N. Y. S. 2d 712; City of San Antonio v. Rutledge, 102 S.W. 756.

MR. JUSTICE WALKER delivered the opinion of the Court.

The principal question in this case is whether an automobile liability insurer is obligated to pay interest on the entire judgment obtained against its insured or only on that portion of the judgment which is within the basic policy limits. Its answer turns upon the intention of the parties as disclosed by the italicized portion of the following policy provisions:

"II   Defense, Settlement, Supplementary Payments

As respects the insurance afforded by the other terms of this policy under coverages A and B the company shall:

\*   \*   \*

(c) pay all expenses incurred by the company all costs taxed against the insured in any such suit and *all interest accruing after entry of judgment until the company has paid, tendered or ·deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;"*

John Plasky, petitioner, was injured when his automobile collided with a vehicle owned by B. A. Hodges and driven by the latter's wife, Gladys Hodges. He instituted suit against Mr. and Mrs. Hodges, and the jury awarded him $86,496.84 for personal injuries and $572.50 for property damage. On May 28, 1956, judgment was entered on the verdict in petitioner's favor for $87,069.34 with interest thereon from date at the rate of six per cent per annum and costs of suit. This judgment was affirmed on appeal. Hodges v. Plasky, Texas Civ. App. 300 S.W. 2d 955 (wr. ref. n.r.e.).

Gulf Insurance Company, respondent, was the liability insurance carrier for Hodges and defended the former suit in the trial court and on appeal. The stated limits of its policy are $5,000.00 for bodily injury liability to each person and $5,000.00 for property damage. After the judgment against Mr. and Mrs. Hodges was affirmed, petitioner instituted the present suit against respondent to recover the amount which the latter is obligated to pay on such judgment. At the conclusion of a trial to the court without a jury, petitioner was awarded $5,572.50 plus interest on $87,069.34 from May 28, 1956, to the date of the judgment in this case. The judgment against respondent then bears interest from its date until paid at the rate of six per cent per annum. A divided Court of Civil Appeals reversed and reformed the trial court's judgment so as to allow petitioner

to recover only the $5,572.50 with six per cent interest on that amount from May 28, 1956, until paid. 326 S.W. 2d 216.

The meaning of the policy provision in question has not been determined in Texas, and the courts of other jurisdictions are not in agreement. A majority of the cases hold that it obligates the insurer to pay interest only on that part of the judgment for which the company is liable. The courts which have adopted this view reason that one person should not be required to pay interest on an obligation owing by another unless the contract clearly expresses that intention. They say that only by an unnatural and strained construction could the language of the policy be interpreted to mean that the company agrees to pay interest on the part of the judgment for which it is not legally liable. See Sampson v. Century Indemnity Co., 8 Cal. 2d 476, 66 P. 2d 434, 109 A.L.R. 1169; Home Indemnity Co. v. Corie, 134 N.Y.S. 2d 443 (affirmed, 286 App. Div. 996, 144 N.Y.S. 2d 712) ; U.S. Fidelity & Guaranty Co. v. Hotkins, 170 N.Y.S. 2d 441; Standard Accident Ins. Co. v. Winget, 9th Cir., 197 F. 2d 97, 34 A.L.R. 2d 250; Morgan v. Graham, 10th Cir., 228 F. 2d 625; Herzog v. Fidelity & Casualty Co., 10th Cir., 257 F. 2d 840.

1   The contrary and in our opinion the sounder view is represented by River Valley Cartage Co. v. Hawkeye-Security Ins. Co., 17 Ill. 2d 242, 161 N.E. 2d 101; United Services Automobile Ass'n. v. Russom, 5th Cir., 241 F. 2d 296; Underwood v. Buzby, 3rd Cir., 236 F. 2d 937; and Wilkerson v. Maryland Casualty Co., 119 F. Supp. 383. By the terms of the policy the insurer undertakes to pay all interest accruing after entry of judgment until it has paid, tendered or deposited in court that part of the judgment which does not exceed the limit of its liability thereon. The contract thus recognizes that a judgment in excess of the policy limits may be taken against the insured and shows that those who drafted the instrument knew how to differentiate between such a judgment and the company's portion thereof. We think that in this context the agreement to pay "all interest accruing after entry of judgment" plainly and unequivocally obligates the insurer to pay interest on the entire judgment until its part of the same has ben paid, tendered or deposited in court. As pointed out in Underwood v. Buzby, supra, this construction is not unnatural in view of the company's right to control the conduct of the suit and its power to escape liability for interest through payment of its part of the judgment into court.

2   Respondent argues that the so-called escape clause is illu-

sory. It says that since partial payment of an indivisible money judgment will ordinarily preclude the defendant's contesting such judgment on appeal, a liability insurance carrier cannot pay the portion of the judgment for which it is liable and at the same time discharge its obligation to appeal the case on behalf of the insured. We do not agree. Although the insurance company is not named as a defendant in a suit against the insured, the policy reserves to it the power to avoid liability for additional interest on the entire judgment by paying, tendering or depositing a part of the judgment as provided therein. The law can easily accommodate itself to this provision and permit the power to be exercised in accordance with the intention of the parties. If the insurer makes it clear that the payment, tender or deposit is not simply a partial payment of the judgment but is made in its own right to protect itself against further liability for interest on the entire judgment, an appeal by or on behalf of the insured will not be prejudiced thereby.

3  We agree with the Court of Civil Appeals that the discharge of Hodges in bankruptcy did not impair respondent's obligation to pay interest as provided in the policy. Respondent also argues that its liability for such interest was terminated by the many tenders which it claims to have made. Nothing was deposited in court or paid to petitioner, and all tenders made prior to July, 1957, were conditioned upon petitioner's surrendering his entire claim against Mr. and Mrs. Hodges. On several occasions after that date respondent offered to pay $5,572.50 plus the interest accrued on that amount, but these tenders were conditioned upon petitioner's releasing respondent of all liability on the judgment. As previously indicated, respondent was not entitled to such a release except upon payment of $5,572.50 plus the interest accrued on the entire judgment and costs of suit. Every proposal which it made was simply an offer of compromise. There was never an unqualified offer to pay even the $5,572.50, and it is unnecessary for us to determine whether respondent would have been relieved of any further obligation for interest by a proper tender of the principal amount for which it is liable exclusive of interest and costs. See River Valley Cartage Co. v. Hawkeye-Security Insurance Co., supra.

4  Petitioner contends that the trial court should have awarded him $5,572.50 plus six per cent interest on the $87,069.34 judgment from its date until the $5.572.50 is paid, tendered or deposited in court. He did not object or except to the judgment entered in this case, and there is nothing in the record to show that the contention he now makes was ever urged in the trial

court. The question cannot be raised for the first time on appeal, and ptitioner's second point of error is accordingly overruled. See Rules 373, Texas Rules of Civil Procedure; Loumparoff v. Housing Authority of City of Dallas, Texas Civ. App., 261 S.W. 2d 224 (no writ).

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered May 18, 1960.